# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**A.C., a Minor Child, By and Through Her Natural Parent and Next Friend BOBBIE P. BENSON,**

    Plaintiff,

v.  :  Civil Action No. 7:06-cv-67(HL)

**FLORENCE NOLAN, M.D., CHILDREN'S MEDICAL CENTER, P.C., and TIFT COUNTY HOSPITAL AUTHORITY, d/b/a TIFT REGIONAL MEDICAL CENTER,**

    Defendants.

_____

## **ORDER**

This case was filed on July 27, 2006. Consistent with the practices of this Court, the complaint was subjected to an initial review. Following review of the complaint, the Court directs Plaintiff to amend consistent with the following.

Plaintiff, A.C., by and through her natural parent and next friend, Bobbie P. Benson, filed a complaint in this Court seeking damages in excess of $75,000. (Compl. ¶ 1.) Plaintiff's complaint alleges diversity of citizenship as the jurisdictional basis for bringing suit in federal court.

District courts have original jurisdiction of all civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a) (West Supp. 2006.) For purposes of 28 U.S.C.A. § 1332, the legal representative of an infant or incompetent is deemed to be a citizen of the same state as the infant or incompetent. 28

U.S.C.A. § 1332(c)(2) (West 1993).  Thus, pursuant to 28 U.S.C.A. § 1332, Bobbie Benson, as the legal representative of A.C., is deemed to be a citizen of the same state as A.C.  However, nowhere in the complaint is the citizenship of A.C. specified.  Plaintiff's complaint is deficient, therefore, because it fails to identify the citizenship of Plaintiff.

Plaintiff's complaint is also deficient with respect to the citizenship of Defendants. Plaintiff has named three Defendants in the complaint:  Florence Nolan, M.D.; Children's Medical Center, P.C.; and Tift County Hospital Authority d/b/a Tift Regional Medical Center. Plaintiff alleges that Nolan "resides in Glen Falls, Warren County, New York."  (Compl. ¶ 7.) As to the other Defendants, Plaintiff alleges only that they are corporations incorporated in Tift County.  (Compl. ¶¶ 10, 11.)

Regarding the citizenship requirement, there is no statutory definition of what constitutes a "citizen" for diversity purposes.  15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2006) (hereinafter "Moore's") (citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)).  Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state.  *See, e.g.*, Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994) (table).  Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state.  15 Moore's § 102.30.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States."  U.S. Const. Amend. XIV, § 1. Regarding the second inquiry, domicile–synonymous with "state citizenship" in diversity

2

jurisprudence–generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home.  Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction.  Id.  *See also* Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998) (stating "allegations of residence are insufficient to establish diversity jurisdiction"). Domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere.  *See* Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989).  Therefore, a party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Employers Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); *see also* Duff, 804 F. Supp. at 334. Plaintiff's mere allegation that Nolan resides in New York is insufficient.

Plaintiff has also failed to plead the citizenship of the remaining Defendants sufficiently.  Pursuant to 28 U.S.C.A. § 1332, a corporation may be deemed to be a citizen of more than one state. 28 U.S.C.A. § 1332(c) (West 1993).  Therefore, in order for a court to determine whether diversity jurisdiction exists, the court must know both the state or states in which the corporation is incorporated and the state where it has its one principal place of business.  *See* Media Duplication Servs. v. HDG Software, Inc., 928 F.2d 1228, 1236 (1st Cir. 1991) (stating, "In order to find diversity jurisdiction, a federal court must identify the principal place of business of a corporation, regardless of whether the corporation has ever made such an identification for itself.").  Here, Plaintiff has alleged only that Defendants are incorporated in Tift County.

Because federal courts are courts of limited jurisdiction, they "have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). In examining the jurisdictional allegations of Plaintiff's complaint, the Court finds they are lacking. The complaint fails to identify the citizenship of the parties with sufficient particularity. As a result, this Court is unable to ascertain whether complete diversity of citizenship exists. In the event that A.C. and any one of the Defendants are citizens of Georgia, there would be no diversity of citizenship between the parties, and this Court would have no jurisdiction to consider the merits. *See, e.g.,* Ware v. Jolly Roger Rides, Inc., 857 F. Supp. 462, 463-64 (D. Md. 1994) (holding that diversity of citizenship was lacking where plaintiff was a citizen of Maryland and one of the defendants was a Maryland corporation).

In view of Plaintiff's failure to identify the citizenship of the parties sufficiently, the Court finds that the complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend the complaint to correct the deficiencies noted. Accordingly, Plaintiff shall have twenty days from the date of entry of this Order in which to file an amended complaint that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal of Plaintiff's complaint.

**SO ORDERED**, this the 2nd day of August, 2006.

                                                **s/   Hugh Lawson**
                                                **HUGH LAWSON, JUDGE**

mls